JOSEPH R. HOLZMAN, PLAINTIFF-RESPONDENT, v. FRED W. YUENGLING, DEFENDANT-APPELLANT.

Decided December 14, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *William Tyacke.*

For the respondent, *Meyers & Lesser.*

PER CURIAM.

There was a directed verdict in the Essex County Circuit Court in favor of the plaintiff below and against the defendant below. The action was brought on a bond in the penal sum of $5,000, and which bond was given in connection with a mortgage of $2,500, to recover a deficiency remaining due on the bond after the sale of the premises upon which the said mortgage rested.

The facts of the case are briefly these: A prior mortgage was foreclosed and the plaintiff was made a party defendant. A final decree was entered, followed by execution and sale of the premises thereunder, by the sheriff of Essex county, on January 11th, 1927, to the Myles Realty Company. The

property was bid in at a price sufficient to cover the first mortgage, and this left a deficiency of the entire amount due plaintiff on his junior bond and mortgage. On March 30th, 1927, the plaintiff brought his action in the Essex County Circuit Court upon his bond, but did not, prior to commencing said action, file any notice in the office of the register of Essex county of the proposed action or of an action pending. The case came on for trial, and it appearing that no such notice of the commencement of plaintiff's action was filed by him, either prior to or afterwards, counsel of defendant, after plaintiff had rested his case, moved for a nonsuit on the ground that there was no evidence that the plaintiff had filed the required notice in the register's office of the county of Essex, prior to the commencement of his action. The motion was also denied.

At the conclusion of the entire case, attorney for defendant moved for a direction of a verdict on the same ground upon which his motion for nonsuit was based, and this motion was denied.

It is the overruling of these motions which constitutes the two grounds of appeal. They may be considered together. The question, growing out of the facts as detailed, is whether a statutory notice, such as is required by the act of 1907, page 563 (3 *Comp. Stat., p.* 3423), applies to a bond secured by a junior mortgage, where the mortgaged premises have been sold under foreclosure of a prior mortgage.

We do not think that this can be any longer an open question, since the decision of *Schmidt* v. *Frey* (*Court of Errors and Appeals*), 86 *N. J. L.* 215, where, under circumstances analogous to those present in the case *sub judice,* it was held that the provision of the statute relating to notice before commencing an action was not applicable. The cited case is controlling here.

The judgment is affirmed, with costs.